IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| CALVIN FLOURNOY, JR, #A0741136, | ) ) ) | CIVIL NO. 06-00332 DAE-BMK |
| Petitioner, | ) ) | |
| vs. | ) ) ) | FINDINGS AND RECOMMENDATION TO DISMISS PETITION AS TIME-BARRED |
| J. PARKER, Warden | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION
TO DISMISS PETITION AS TIME-BARRED**

On June 20, 2006, *pro se* Petitioner Calvin Flournoy, a Hawai`i prisoner incarcerated at Tallahatchie County Correctional Facility ("TCCF"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Petition was referred to this court pursuant to 28 U.S.C. § 636(a). Respondent submitted a Preliminary Answer to the Petition on September 15, 2006. Flournoy was given until October 16, 2006, to file a Reply and has not done so to date. After consideration of the full record, this Court FINDS AND RECOMMENDS that the Petition be DISMISSED with prejudice as time-barred.

## BACKGROUND AND PROCEDURAL HISTORY

Flournoy's Petition challenges his sentence in Criminal Number ("Cr. No.") 95-303(2). As his conviction in Cr. No. 95-00476(2) is also pertinent to this challenge, the court will detail the facts of both convictions and sentences for which Flournoy is currently incarcerated.

On July 2, 1996, Flournoy entered a no contest plea in the Circuit Court of the Second Circuit, State of Hawai`i ("circuit court"), in Cr. No. 95-0476(2), for four counts of Sexual Assault in the First Degree in violation of Hawaii Revised Statutes ("Haw. Rev. Stats.") § 707-730(1)(a).[1]  (Resp.'s Ex. A.)  On August 27, 1996, the circuit court held a sentencing hearing and sentenced Flournoy to twenty years incarceration for each count, all terms to run consecutively, for a total of eighty years. (Resp.'s Ex. B.) Judgment was entered on August 28, 1996.

On September 3, 1996, Flournoy filed a Motion for Reconsideration of Sentence, which the circuit court denied. On September 20, 1996, Flournoy appealed, arguing that the circuit court abused its discretion by sentencing him to

---

[1] Section 707-730 states in pertinent part:

(1) A person commits the offense of sexual assault in the first degree if:

   (a) The person knowingly subjects another person to an act of sexual penetration by strong compulsion[.]

four consecutive terms of imprisonment.[2]  On August 12, 1997, the Hawai`i Supreme Court affirmed the judgment in Cr. No. 95-0476(2).  (Resp.'s Ex. C.)

Almost five years later, on March 14, 2002, Flournoy filed his first Hawai`i Rules of Penal Procedure (Haw. R. Penal P.) Rule 40 Petition in S.P.P. No. 02-1-0006(2) challenging this conviction.  On January 7, 2003, the circuit court denied the Petition.  Flournoy did not appeal.[3]

On July 21, 2003, Flournoy filed a second Rule 40 Petition challenging Cr. No. 95-0476(2), under S.P.P. No. 03-1-0011(2).  On December 27, 2003, the circuit court denied the petition without a hearing.  On December 27, 2003, Flournoy appealed the circuit court's denial of the second Rule 40 Petition, and this proceeding is currently pending before the Hawai'i Supreme Court, under S.C. No. 26339.

---

[2] Respondent does not provide either Flournoy's Motion for Reconsideration of Sentence, the circuit court's order of denial, or Flournoy's Notice of Appeal or briefing in this matter. The court accessed the public docket report in Cr. No. 95-0476(2), and was able to verify the dates of filing these documents.  Moreover, because Respondent supplies the Hawai`i Supreme Court's Order affirming the conviction and sentence, and because the court's determination does not rest on these documents, this omission is harmless in this instance.  Respondent is notified, however, that in the future **all documents or portions of transcripts referred to in the Answer** should be included in the exhibits provided in support of the memorandum.

[3] Again, Respondent fails to provide Flournoy's Rule 40 Petition, or the circuit court's Order denying the Petition.

On August 27, 1996, Flournoy pled no contest in Cr. No. 95-0303(2) to one count of Kidnapping in violation of Haw. Rev. Stats. § 707-720(1)(d) (Count 1); to seven counts of Sexual Assault in the First Degree in violation of Haw. Rev. Stats. § 707-730(1)(a) (Counts 2-8), and to one count of Attempted Murder in the Second Degree in violation of Haw. Rev. Stats. §§ 705-500 & 707-701.5.  (Resp.'s Ex. E.)

On October 29, 1996, the circuit court sentenced Flournoy to twenty years incarceration in Counts 1-8, and to life imprisonment in Count 9, all terms to run concurrent to each other, but consecutively to the twenty year sentence imposed in Count One in Cr. No. 95-0476(2).  (Resp.'s Ex. F.)  Judgment was entered on October 31, 1996.  Flournoy did not appeal.

More than five years later, by letter to the circuit court dated May 14, 2002, Flournoy moved for reconsideration of his sentence of "[e]ighty years consecutive." (Resp.'s Ex. G.)  The circuit court construed and filed this letter as a motion for reconsideration in Cr. No. 0303(2).[4]  On May 29, 2002, the circuit court entered an Order Denying Request for Reconsideration of Sentence.  (Resp.'s Ex. H.)

---

[4] Because Flournoy included both of his criminal conviction numbers on this letter, Cr. No. 95-0303(2) and Cr. No. 95-0476(2), and because he was sentenced to four consecutive twenty year terms in Cr. No. 95-0476(2), or "eighty years consecutive," it appears to this court that he was actually challenging his sentence in Cr. No. 95-0476(2), not his sentence in Cr. No. 95-0303(2).

Approximately a year and a half later, on November 23, 2003, Flournoy filed a Haw. R. Penal P. 35 Motion to Correct Illegally Imposed Sentence, arguing that he was "wrongfully convicted of First Degree Sexual Assault and Kidnapping[.]" (Resp.'s Ex. I.)  The State responded that the motion, filed almost eight years after the conviction, was not only untimely, but should have been presented in a Rule 40 Petition.

Before the circuit court could rule on Flournoy's Rule 35 Motion, he filed an Application for Writ of Mandamus in the Hawai`i Supreme Court under **S.C. No. 26550.** (Resp.'s Ex. K.)  On June 17, 2004, the Hawai`i Supreme Court denied Flournoy's application for writ of mandamus "without prejudice to any remedy Petitioner may have in the circuit court and without prejudice to any remedy Petitioner may have by way of appeal." (Resp's Ex. L.)  Approximately one month later, on July 12, 2004, the circuit court denied Flournoy's Rule 35 Motion as untimely.  (Resp.s Ex. M.)

On August 16, 2004, Flournoy filed a Notice of Appeal of the circuit court's decision denying his Rule 35 Motion, docketed as **S.C. No. 26759**.  (Resp.'s Ex. N.)  Flournoy argued that, because Sexual Assault in the First Degree and Kidnapping are "related in nature of offense" his conviction for both offenses violated double jeopardy.  (Resp.'s Ex. O at 2.)

5

Six months later, on January 7, 2005, and while the appeal in **S.C. No. 26759** was still pending, Flournoy filed a Rule 40 Petition challenging his conviction in Cr. No. 95-0303(2), docketed as S.P.P. No.05-1-0001(2).  (Resp.'s Ex. T.)  Inexplicably, on April 29, 2005, before the circuit court could rule on this Rule 40 Petition, Flournoy filed a Notice of Appeal, docketed as **S.C. No. 27267**.  (Resp.'s Ex. V.)  Flournoy stated that he was appealing "from the order by the circuit court of the Second Circuit in the denial of the above entitled matter, filed herein on April 18, 2005."  (Resp.'s Ex. V at 1.)  Three days later, the circuit court actually entered its Order denying Flournoy's Rule 40 Petition in S.P.P. No.05-1-0001(2), concluding that Flournoy's claims were "patently frivolous and without a trace of support either in the record or from other evidence submitted by him."  (Resp.'s Ex. W at 7.)

On August 1, 2005, the Hawai`i Intermediate Court of Appeals (ICA), issued a Summary Disposition Order in **S.C. No. 26759** affirming the circuit court's July 12, 2004 Order.  (Resp.'s Ex. R.)  On August 24, 2005, the Hawai'i Supreme Court denied Flournoy's petition for certiorari.  (Resp.'s Ex. S.)

On May 8, 2006, the Hawai`i Supreme Court dismissed Flournoy's premature appeal in **S.C. No. 27267**, for lack of jurisdiction.  (Resp.'s Ex. Z.)  The Hawai`i Supreme Court stated that, although Flournoy "purported to appeal an

6

April 18, 2005 circuit court order denying [his] Rule 40 petition," the circuit court did not enter its order denying Flournoy's Rule 40 petition until May 2, 2006, rendering Flournoy's appeal a "legal nullity." *Id.* On May 25, 2006, the Hawai`i Supreme Court denied Flournoy's Motion for Reconsideration of this decision. (Resp.'s Ex. AA.)

On June 20, 2006, Flournoy filed the instant Petition, claiming seven grounds for relief: (1) Illegally Imposed Grand Jury Indictment (Ground 1); (2) Miranda Violation (Ground 2); (3) Extended Term Sentencing (Ground 3); (4) Rule 48 Violation (Ground 4); (5) Search and Seizure Violation (Ground 5); (6) Trial and Sentencing Judge was Biased (Ground 6); and (7) Coerced Plea.

Flournoy seeks a reduction in his sentence for Count 9 in Cr. No. 95-303(2) from life to twenty years, to run concurrently with the remainder of his sentence.[5]

## LEGAL STANDARD

Section 2244 provides in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[5] Flournoy's sentences for Counts 1-9 in Cr. No. 95-303(2) already run concurrently.

7

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Under certain conditions the statute of limitation may be equitably tolled. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005); *Corjasso v. Ayers*, 278 F.3d 874, 877-79 (9th Cir. 2002) (holding that, on a showing of extraordinary circumstances, equitable tolling may apply to part or all of a federal petition). Petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at ---, 125 S. Ct. at 1814. "[T]he threshold necessary to trigger equitable tolling under [the Anti-Terrorism and

Effective Death Penalty Act ("AEDPA")], is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); *accord Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts").

## DISCUSSION

On August 27, 1996, Flournoy pled no contest in Cr. No. 95-0303(2), and judgment was entered on October 31, 1996. Because Flournoy did not directly appeal this conviction, it became final on November 30, 1996, thirty days after the time for filing a direct appeal pursuant to Haw. R. App. P. 4(b)(1) expired. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) (conviction is final after time for seeking review from the state appellate court has expired); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001). The statute of limitation began to run the next day, December 1, 1996, and barring statutory or equitable tolling,

expired one year later on November 30, 1997.[6] *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001).

Flournoy, however, did nothing until May 14, 2002, when he sent a letter requesting reconsideration of his "[e]ighty years consecutive" sentence. Whether this letter was meant to challenge Cr. No. 95-0303(2), in which it was docketed, or Cr. No. 95-0476(2), in which he actually received the eighty year consecutive sentence he protests, he was four and a half years too late, unless he is entitled to statutory or equitable tolling.

First, Flournoy is not entitled to statutory tolling under § 2244(d)(2), because he failed to file any petition for state post-conviction relief for more than four and a half years in Cr. No. 95-0303(2), and for more than three and a half years in Cr. No. 95-0476(2).

Second, there was no state-created impediment to Flournoy's filing a federal

---

[6] Flournoy is also apparently time-barred from challenging his conviction or sentence in Cr. No. 95-0476(2). On August 12, 1997, the Hawai`i Supreme Court affirmed Flournoy's conviction and sentence in Cr. No. 95-0476(2). Because Flournoy did not seek certiorari with the United States Supreme Court, his conviction was final ninety days later, on November 3, 1997. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The statute of limitation began running on that date and, barring statutory or equitable bases for tolling, expired one year later, on November 3, 1998. As that conviction is not being challenged in this Petition, the court reaches no conclusion as to its timeliness.

petition under 28 U.S.C. § 2244(d)(1)(B) that is evident in the record before this court, nor does Flournoy argue that there was.[7]

Third, although Flournoy argues that his extended sentence is illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Ninth Circuit Court of Appeals has held that *Apprendi* did not announce a new rule of constitutional law and is not retroactive to cases on collateral review, such as this. *Reynolds v. Cambra*, 290 F.3d 1029, 1030 (9th Cir. 2002). Thus, Flournoy is not entitled to statutory tolling under § 2244(d)(1)(C). Finally, Flournoy does not raise newly discovered evidence as the basis for his habeas petition, and is not entitled to statutory tolling on that basis under § 2244(d)(1)(D).

Although the court notified Flournoy that it was considering dismissing his Petition as time-barred, and informed him that it was his burden to argue and prove the availability of equitable tolling, he has not done so. He makes no arguments in the Petition itself justifying equitable tolling and he has failed to file a Reply making any arguments to that effect. Flournoy has completely failed to present any evidence supporting the requisite "extraordinary circumstances" beyond his control which made it impossible for him to timely file a federal petition. *See*

---

[7] An assertion that the statute of limitation was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).

*Miles*, 187 F.2d at 1107.  Accordingly, this Court finds that Flournoy is not entitled to equitable tolling of the statute and recommends that his Petition be dismissed with prejudice as time-barred.

    IT IS SO FOUND AND RECOMMENDED.



    /s/ Barry M. Kurren
    United States Magistrate Judge
    Dated: October 30, 2006

FLOURNOY V. PARKER; CIV. NO. 06-00332 DAE-BMK; FINDINGS AND RECOMMENDATION TO DISMISS PETITION AS TIME-BARRED; dmp/ Habeas 06/Flournoy 06-332 (dsm SOL)