IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| CALVIN FLOURNOY, JR, #A0741136, | ) ) ) | CIVIL NO. 06-00332 DAE-BMK |
| Petitioner, | ) ) ) | ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION AS TIME- |
| vs. | ) ) ) | BARRED, DENYING CERTIFICATE OF |
| J. PARKER, Warden | ) ) | APPEALABILITY, AND DENYING IN FORMA PAUPERIS |
| Respondent. | ) ) | APPLICATION |
| _____ | ) | |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION,
DISMISSING PETITION AS TIME-BARRED,
DENYING CERTIFICATE OF APPEALABILITY,
AND DENYING IN FORMA PAUPERIS APPLICATION**

On June 20, 2006, *pro se* Petitioner Calvin Flournoy Jr., a Hawai`i prisoner then-incarcerated at Tallahatchie County Correctional Facility, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, and after consideration of the full record now before the court, this Court ADOPTS the Findings and Recommendation entered on October 30, 2006, as the opinion and order of the court, and DISMISSES the Petition with prejudice as time-barred. The court further DENIES the request for certificate of appealability and DENIES the application for in forma pauperis status on appeal.

## BACKGROUND

On June 20, 2006, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) At that time, Petitioner was incarcerated in Tutwiler, Mississippi, at the Tallahatchie County Correctional Facility.

On June 28, 2006, the court issued an Order to Show Cause and Answer Petition. (Doc. No. 5.) In this Order, in addition to requiring Respondent to answer the Petition, the court notified Petitioner that it appeared that his Petition was time-barred pursuant to 28 U.S.C. § 2244(d)(1). Petitioner was told to address the court's concerns about the statute of limitation, setting forth facts, if possible, which would prevent the statute of limitation from running against him. The court notified Petitioner that if the record showed that the Petition is subject to dismissal based on the statute of limitation, it is his burden to demonstrate that he is entitled to equitable tolling of the statute. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

On August 7, 2006, inmate Wolfgang Eisermann filed an "Ex Parte Motion to Leave to Verify Dates Regarding Prior Decisions by State Courts," on Petitioner's behalf, in response to the Order to Show Cause. (Doc. No. 11.) Eisermann also filed an ex parte motion requesting that he be appointed

Petitioner's legal assistant. (Doc. No. 12.) On September 18, 2006, the court denied Petitioner's ex parte motions. (Doc. No. 19.) The court informed Petitioner that it was unnecessary for him to verify the dates that his state post-conviction proceedings were pending in state court, as Respondent would do so. The court told Petitioner again that, if his Petition was statutorily time-barred, as it appeared, Petitioner must explain why the statute of limitation was equitably tolled in his case. This order was sent to Petitioner in Mississippi and was not returned as undeliverable to the court.

On August 8, 2006, Petitioner filed a motion for appointment of counsel, which the court denied. (Doc. Nos. 10 & 9.) This order was not returned to the court.

On September 15, 2006, Respondent filed the Answer. (Doc. No. 18.) The Answer was served on Petitioner at his address of record in Mississippi. Respondent states that the Answer was never returned as undeliverable to the State.

Six weeks later, on October 30, 2006, after waiting two weeks after the time had passed for Petitioner to file his Reply and he had not done so, Magistrate Judge Barry M. Kurren entered a Findings and Recommendation to Dismiss the Petition as Time-Barred. (Doc. No. 20.) This Findings, and a notice that objections to the Findings was due on November 14, 2006, was served on

Petitioner at his address of record in Mississippi. The Findings and Recommendation was not returned to court as undeliverable.

On November 27, 2006, after again waiting an additional two weeks beyond the date that Petitioner's objections were due, and with no objections filed, this Court adopted the Findings and Recommendation and dismissed the Petition with prejudice as time-barred. (Doc. No. 21.) Judgment was entered that same day. (Doc. 22.) The order and notice of judgment were sent to Petitioner in Mississippi and were not returned to the court as undeliverable.

Almost two months later, on January 22, 2007, Petitioner filed a Notice of Appeal, purporting to appeal the "[final judgment] [from an order] From the United States District Court of Hawaii. entered in this action on the 11th day of January."[1] (Doc. No. 23, Notice of Appeal.) Petitioner also filed an "Application for Certificate of Appealability and Permission to Proceed to Appellate Court." (Doc. No. 24.) In this application, Petitioner informed the court that he was transferred from Mississippi to Arizona, although he did not indicate when this

---

[1] As stated, judgment was entered on November 27, 2006, not January 11, 2007. No further orders had been entered in this action, to date. Thinking that, perhaps, Petitioner was confused and intended to file a notice of appeal in a state court action, the court searched the State of Hawaii Judiciary Database, http://hoohiki2.courts.state.hi.us/jud/Hoohiki/main.htm, to determine if judgment had entered on January 11, 2007, in one of his state court actions. This was not, however, the case.

4

occurred.  Petitioner stated that he had only recently begun receiving his legal mail from his former prison, and that he had been unaware of any of the court's prior orders, or presumably, of Respondent's Answer.  Petitioner complained that he was unable to timely file an opposition to the Answer, or objections to the Findings and Recommendation.  Petitioner did not, however, notify the court of his change of address at any time in the four months between his transfer and the filing of his notice of appeal.

Upon receipt of Petitioner's notice of appeal, the court contacted the Hawaii Department of Public Safety and determined that Petitioner was transferred to Arizona on September 18, 2006.  Because the court was concerned that Petitioner had not been able to file his Reply to the Answer, due to this transfer, the court vacated the judgment entered on November 21, 2006, and suspended the order adopting the Magistrate's Findings and Recommendation.  (Doc. No. 27, "Order Vacating Judgment and Extending Time to File Reply," hereafter "January 24 Order.").  Petitioner was granted an extension of time to file a Reply to Respondent's Answer.  Petitioner was also informed that, having vacated judgment, his request for a Certificate of Appealability was moot, as there was no final appealable order in his action.

The January 24 Order also ordered Respondent to investigate the prison's mail log to determine why the Petitioner's mail was either never forwarded to him or never returned to the court and to Respondent. If Respondent's investigation revealed that Petitioner had, in fact, received the Answer and other documents from the court, Petitioner was notified that his Reply would be due thirty days from the date of the January 24 Order, or on February 23, 2007. If Petitioner *had not* received the Answer, Respondent was ordered to immediately send it to Petitioner in Arizona, notify the court when this was done, and Petitioner was told he would have thirty days from the date he received the Answer to file his Reply.

On February 20, 2007, the Office of the Clerk wrote to Petitioner questioning whether, in light of the January 24 Order, Petitioner still wished to have the court process his appeal to the Ninth Circuit Court of Appeals.

On February 26, 2007, Respondent filed a Response to the January 24 Order. (Doc. No. 31.) Respondent's investigation of the prison mail logs, and discussion with Arizona prison authorities, reveals that:

(1)  Petitioner was transferred to the Red Rock Correctional Center, located in Eloy, Arizona, on September 17, 2006;

>   (2)   The prison mail log shows that legal mail from the Department of the Prosecuting Attorney was received on September 26, 2006; and legal mail from the court was received on September 28, November 13, and December 7, 2006;
>
>   3)   The prison normally processes and delivers inmate mail to the prisoners the same day that it is received.

(*See* Hanano Decl. ¶ 6.)  Other than the prison mailroom log and the unverified statements of prison authorities that prisoners normally receive their mail the day that the prison receives it, there is, however, no absolute indication of when Petitioner actually received the disputed mail.  The Response was served by mail on Petitioner on February 26, 2007.

On March 14, 2007, Petitioner submitted a letter to the Office of the Clerk stating that, apparently notwithstanding the fact that judgment was vacated in his case, he still wished to have his appeal processed to the United States Court of Appeals for the Ninth Circuit.  Petitioner also submitted an *in forma pauperis* application.  Although more than forty-five days has passed since the court issued the January 24 Order and eighteen days since the Respondent filed and served the Response, Petitioner has neither replied to the Response or in any way otherwise

7

indicated when he received the legal mail in question, nor filed a Reply to the Answer setting forth justification for equitable tolling in his case.

## DISCUSSION

I.   <u>The Court Again Adopts the Findings and Recommendation.</u>

Based on the record now before the court, it appears that Petitioner received all of the disputed legal mail at some point prior to filing his notice of appeal and request for Certificate of Appealability on January 22, 2007.  This conclusion is supported by the prison mailroom log, prison officials' statements of how and when mail is normally delivered to inmates at Petitioner's prison, the fact that none of the disputed mail has been returned to the court or to Respondent, and by Petitioner's own statement that he received this court's "Order of Dismissal . . . after the deadline had passed to file Motions in Opposition."  (Doc. No. 24, "Application for Certificate of Appealabiity" at 3.)  Petitioner was also put on notice by the Response to the January 24, 2007 Order, that the Arizona prison received the Answer on or about September 26, 2006, and that documents from the court were received on September 28, November 13, and December 7, 2006. Thus, although Petitioner has had ample time to formulate a Reply setting forth reasons why the statute of limitation should be equitably tolled in his case, he has not done so, nor has he made any effort to refute the presumption that he did, in fact, receive

8

these documents prior to filing his notice of appeal, and prior to this court's January 24 Order.[2]

It is also clear that, even if the Answer was delivered to Petitioner later than expected, the court had explicitly notified Petitioner three times that his Petition appeared time-barred, and that it was his responsibility to provide evidence showing that the statute of limitation should be equitably tolled in his case. In June, the court notified Petitioner that his Reply to the Answer and the Order to Show Cause was due on or before August 26, 2006. Petitioner was later notified in July, still two months before his transfer, that he had until October 16, 2006, to file his Reply addressing the issue of timeliness. (*See* Doc. No. 8, "Order Granting Ex Parte Application for First Enlargement on Time.") The orders containing these notifications to Petitioner were sent to him long before he was transferred, and were not returned to the court as undeliverable. Whether he timely received the Answer or not, Petitioner knew when the Answer was due, knew when his Reply to the Answer and to the court's concerns enumerated in the Order to Show Cause was due, and knew that he was required to provide an explanation of why he waited more than five years after his conviction to appeal his sentence to the state

---

[2]The court notes that Petitioner notified the court that he received the January 24, 2007 Order on January 30, 2007, (Doc. No. 29), but has not similarly acknowledged receipt of Respondent's Response to the Order.

courts and more than nine years to bring his federal Petition to this court. Knowing all of this, he gives no explanation why he has still failed to set forth facts in support of equitable tolling of his Petition.

Moreover, now, after being given an additional six weeks to submit a Reply explaining why the statute of limitation should be tolled in his case, Petitioner has chosen not to do so, but instead, has filed a request that his appeal be processed without filing any opposition to this court's November dismissal of his Petition.

Finally, Petitioner has made no effort to explain why, if he was transferred from Mississippi to Arizona in mid-September, he waited until late-January to notify the court of his change of address. Rather than submit a Reply to the Answer and to the Order to Show Cause, or to attempt to refute Respondent's Response to the January 24 Order, Petitioner has decided instead to continue with his appeal, and seeks *in forma pauperis* to do so.

Accordingly, after a thorough, *de novo* review of the entire record in this case, including the Petition, the Answer, Petitioner's submissions in support of his Notice of Appeal, Respondent's Response to this Court's Order Vacating Judgment, and Petitioner's failure to provide any explanation justifying his untimely filed Petition, this Court ADOPTS THE "Findings and Recommendation

to Dismiss Petition as Time-Barred," entered on October 30, 2006, as the opinion and order of this Court. The Clerk is directed to enter judgment and process Petitioner's appeal.

II.   The Requests for Certificate of Appealability and In Forma Pauperis Status are Denied.

Petitioner's March 14 letter requests that his appeal be processed; he earlier moved for a certificate of appealability ("COA"). (*See* Doc. Nos. 23, 24, 26, 32, & 33.) Petitioner has also submitted an *in forma pauperis* application for his appeal. The COA and the *in forma pauperis* application are denied as follows.

The court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). The "petitioner must show only that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented deserve encouragement to proceed further." *Beardslee v. Brown*, 393 F.3d 899, 903 (9th Cir. 2004) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)), as supplemented by 393 F.3d 1032 (9th Cir. 2004). Of course, this standard does not mean that a petitioner must show that he or she should prevail on the merits, as the district court has already rejected those merits before any appeal. *See Silva v. Woodford*, 279 F.3d 825, 833 (9th Cir. 2002).

Petitioner has not explained why he did not file a Reply setting forth reasons justifying equitable tolling, although he was given an additional six weeks to do so. He does not explain why he did not file any brief disputing the State's Response to the January 24 Order and refuting the dates showing when he apparently received all of the legal documents sent to him. Nor has he specifically objected to the Findings and Recommendation. Given Petitioner's failure to challenge the Findings and Recommendation's factual findings, he appears to have waived any appeal of those findings. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) ("Failure to object to a magistrate judge's recommendation waives all objections to the magistrate judge's findings of fact."); *Baxter v. Sullivan, M.D.*, 923 F.2d 1391, 1394 (9th Cir. 1991) ("we have held that parties who do not object to a magistrate's report waive their right to challenge the magistrate's findings").

Although Petitioner did not waive his right to challenge the Findings and Recommendation's conclusions of law, *see Baxter*, 923 F.2d at 1394, his apparent waiver of the Findings and Recommendation's findings of fact make such a challenge even more difficult. Moreover, Petitioner's main contention in his application for a COA is that the federal court erred by denying his motion for appointment of counsel, and erred by not investigating his claims that the prison and the state conspired to deny him access to this court by refusing him a law

12

dictionary so that he could better understand the court's rulings in this case. Even if these allegations are taken as true, they do not in any manner address Petitioner's failure to file his federal habeas Petition within one year of the date his conviction and sentence were final, or the magistrate's finding that Petitioner was time-barred from raising his claims in federal court.

Given this failure, combined with Petitioner's apparent waiver of the Findings and Recommendation's findings of fact, and for the reasons set forth in the Findings and Recommendation, the court is convinced that Petitioner has failed to make a "substantial showing of the denial of a constitutional right for purposes of 2253(c)(2). He has not shown that "reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented deserve encouragement to proceed further." *See Beardslee v. Brown*, 393 F.3d at 903. His request for a certificate of appealability is therefore DENIED. Having denied the certificate of appealability, the *in forma pauperis* application is similarly DENIED.

## CONCLUSION

After careful consideration of the full record and de novo review, the court ADOPTS the October 30, 2006 Findings and Recommendation as the opinion and order of the court and DISMISSES the Petition as time-barred. The certificate of appealability and in forma pauperis application are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 20, 2007.



_____
David Alan Ezra
United States District Judge

FLOURNOY V. PARKER; CIV. NO. 06-00332 DAE-BMK; ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION AS TIME-BARRED, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING IN FORMA PAUPERIS APPLICATION; dmp/ Habeas 07/Flournoy 06-332 (ord dsm SOL)